**Abdul Wakil AMIRI, Plaintiff,**

*v.*

**HILTON WASHINGTON HOTEL, Defendant.**

**No. 02–2494 (RJL).**

United States District Court, District of Columbia.

Nov. 24, 2003.

Abdul Wakil Amiri, Washington, DC, pro se.

Anita Barondes, Seyfarth Shaw, Washington, DC, for Defendant.

## MEMORANDUM OPINION

LEON, District Judge.

This matter comes before the court on a motion to dismiss, or alternatively, for summary summary judgment filed by Defendant. Plaintiff filed this action *pro se*, seeking damages from the Hilton Washington Hotel for alleged employment discrimination in violation of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Based on a review of the parties's filings and the applicable law, the motion will be granted in part and denied in part.

### I. *Background*

Plaintiff, a native of Afghanistan, was terminated from his employment at a restaurant in the District of Columbia. Complaint at 1. Shortly thereafter, plaintiff applied for a position as a room attendant at the Hilton Washington Hotel, the Defendant. *Id.* Plaintiff was rejected for this position, he alleges, because he was from Afghanistan and due to the terrorist attacks of September 11, 2001. *Id.* at 2. He further alleges that Ms. Dare, Defendant's Employment Manager, stated that she and her boss knew that he had been terminated from his prior job due to his national origin and as a consequence of the September 11th attacks. *Id.* Plaintiff was told to seek a job somewhere else. *Id.*

### II. *Discussion*

*Standard of Review*

 Defendant moves to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. In ruling on this motion, the Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *Taylor v. Fed. Deposit Ins. Corp.,* 132 F.3d 753, 761 (D.C.Cir.1997). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Kowal v. MCI Communications Corp.,* 16 F.3d 1271, 1276 (D.C.Cir.1994). "Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Swierkiewicz v. Sorema,* 534 U.S. 506, 515, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)). However, "[t]he plaintiff bears the burden of persuasion to establish subject-matter jurisdiction by a preponderance of the evidence." *Government of Rwanda v. Rwanda Working Group,* 150 F.Supp.2d 1, 5 (D.D.C.2001).

Defendant also moves for summary judgment. Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate if the pleadings on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. Rule 56(c). Material facts are those that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The party seeking summary judgment bears the initial burden of demonstrating an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Tao v. Freeh,* 27 F.3d 635, 638 (D.C.Cir.1994). In considering whether there is a triable issue of fact, the court must draw all reasonable inferences in favor of the non-moving party. *Anderson,* 477 U.S. at 255, 106 S.Ct. 2505; *see also Washington Post Co. v. United States*

*Dep't of Health and Human Servs.*, 865 F.2d 320, 325 (D.C.Cir.1989). The party opposing a motion for summary judgment, however, "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505. The non-moving party must do more than simply "show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Moreover, "any factual assertions in the movant's affidavits will be accepted as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion." *Neal v. Kelly*, 963 F.2d 453, 456 (D.C.Cir.1992) (quoting *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)).

The mere existence of a factual dispute by itself, however, is not enough to bar summary judgment. The party opposing the motion must show that there is a genuine issue of *material* fact. *See Anderson*, 477 U.S. at 247–48, 106 S.Ct. 2505. A genuine issue of material fact is one capable of affecting the outcome of the litigation that is supported by admissible evidence sufficient for a reasonable trier-of-fact to find in favor of the non-moving party. *Id.; see also Laningham v. United States Navy*, 813 F.2d 1236, 1242–43 (D.C.Cir.1987).

*Plaintiff's Claims*

■ Plaintiff has brought claims under Title VII and 42 U.S.C. § 1981, alleging he was not offered employment at the Defendant hotel based on the fact he was from Afghanistan. In order to prevail in a Title VII case, a plaintiff initially must establish a *prima facie* case of prohibited discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–05, 93 S.Ct.

1817, 36 L.Ed.2d 668 (1973). If the plaintiff succeeds in establishing a *prima facie* case, the burden of production shifts to the defendant to articulate a legitimate, non-discriminatory reason for the challenged action. *Id.* Once the defendant proffers a sufficient non-discriminatory reason, the burden shifts to the plaintiff to produce some evidence, either direct or circumstantial, to show that defendant's proffered reason is a pretext for discrimination. *Id.; see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143, 147–49, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000). This same framework applies to claims under § 1981. *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1114 (D.C.Cir.2000).

■ To establish a *prima facie* case of discrimination, the plaintiff must establish that (1) he is a member of a protected class; (2) he suffered an adverse employment action; and (3) other similarly situated employees from outside the protected class were not subject to that action. *Id.* at 802, 93 S.Ct. 1817; *see Stella v. Mineta*, 284 F.3d 135, 145 (D.C.Cir.2002); *Brown v. Brody*, 199 F.3d 446, 452 (D.C.Cir.1999).

■ *McDonnell Douglas Corp. v. Green*, sets forth an evidentiary standard, not a pleading requirement. *Swierkiewicz*, 534 U.S. at 510, 122 S.Ct. 992. A plaintiff in a Title VII employment discrimination suit need not allege his claims with greater particularity than required by Federal Rule of Civil Procedure 8(a). *Swierkiewicz*, 534 U.S. at 511, 122 S.Ct. 992. As such, "all that is required is a 'short and plain statement of the claim' that will give Defendant fair notice of the Plaintiff's claim and the grounds upon which it rests". *Sinclair v. Kleindienst*, 711 F.2d 291, 293 (D.C.Cir.1983) (quoting Fed.R.Civ.P. 8(a)). Plaintiff has met this minimal requirement. Moreover, Plaintiff filed his complaint without the assistance of counsel. *Pro se* complaints are held "to

less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). A complaint need not "make out a *prima facie* case of discrimination" to survive a motion to dismiss. *Sparrow*, 216 F.3d at 1115–16. To impose such a requirement would be inconsistent with Rule 8 of the Federal Rules of Civil Procedure. *Id.* at 1115.

■ Defendant correctly notes that if it is able to offer a legitimate and non-discriminatory reason for Plaintiff's non-selection, the burden will shift to the Plaintiff to prove that such reasons are merely a pretext for discrimination. *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 255–56, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). Plaintiff must be given "a full and fair opportunity to demonstrate pretext." *Id.* at 256, 101 S.Ct. 1089. As such, it is improper to dismiss Plaintiff's claim for failure to rebut Defendant's proffered nondiscriminatory reasons at this stage in the litigation. *See Sparrow*, 216 F.3d at 1117 (district court's dismissal of a § 1981 action for plaintiff's failure to offer evidence of pretext in pleadings was premature, as there had not yet been sufficient opportunity to offer such evidence).

■ Defendant's motion was filed before any discovery has been conducted. Defendant has not provided any affidavit from the individuals in the personnel department regarding the actions taken on Plaintiff's employment application.[1] Plaintiff, on the other hand, has provided an affidavit contradicting some of the assertions in Defendant's memorandum and the accuracy of the copy of his job application submitted by Defendant. While summary judgment can properly be granted at this stage of the proceedings in some cases, it is often difficult for a plaintiff to offer direct proof of an employer's discrimination. For that reason, summary disposition of Title VII cases is not favored and the court "must be extra-careful to view all the evidence in the light most favorable" to the plaintiff. *Ross v. Runyon*, 859 F.Supp. 15, 21–22 (D.D.C.1994), *aff'd per curiam*, No. 95–5080, 1995 WL 791567 (D.C.Cir. Dec.7, 1995). This case will be in that posture, at the earliest, when discovery is completed. For now, the court will not dismiss the Title VII claim.

■ As to the § 1981 claim, that statute prohibits "intentional discrimination based solely on 'ancestry or ethnic characteristics.'" *Hyman v. First Union Corp.*, 980 F.Supp. 46, 52 (D.D.C.1997) (quoting *Saint Francis Coll. v. Al–Khazraji*, 481 U.S. 604, 613, 107 S.Ct. 2022, 95 L.Ed.2d 582 (1987)). However, Section 1981 does not prohibit national origin discrimination *per se*. *Saint Francis Coll.*, 481 U.S. at 613, 107 S.Ct. 2022 (successful § 1981 claim must show discrimination based on plaintiff's ethnicity, not his country of origin); *Kidane v. Northwest Airlines, Inc.*, 41 F.Supp.2d 12, 16–17 (D.D.C.1999) (complaint not cognizable to the extent it alleged discrimination based on national origin). National origin discrimination is cognizable under § 1981 only when "based on racial or ethnic characteristics associated with the national origin in question." *Wesley v. Howard Univ.*, 3 F.Supp.2d 1, 4 (D.D.C.1998). Plaintiff does not base his national origin discrimination claim on any such characteristics, but solely based on the fact he is from Afghanistan. Plaintiff's

---

1. The affidavit of Robin Sterrett, Director of Human Resources at the Hilton Washington Hotel, merely attests to the accuracy of the job posting, the log of applicants, and the applications filed by Plaintiff and the two people who were hired for the position. Def. Motion, Ex. 4.

§ 1981 claim, therefore, will be dismissed..

### III. *Conclusion*

For the foregoing reasons, Defendant's motion to dismiss will be granted in part, and denied in part.

Accordingly, it is by the Court this 24th day of November, 2003,

**ORDERED** that Defendant's motion to dismiss and/or motion for summary judgment [Dkt. # 11] is **GRANTED** in part and **DENIED** in part. It is

**FURTHER ORDERED** that the claim under 42 U.S.C. § 1981 is **DISMISSED** for failure to state a claim on which relief can be granted. It is

**FURTHER ORDERED** that in all other respects defendant's motion is **DENIED**.