Michael STITH, Plaintiff,

v.

CHADBOURNE & PARKE,
LLP, Defendant.

No. 99–3265.

United States District Court,
District of Columbia.

June 19, 2001.

Peter C. Cohen, Rockville, MD, for Plaintiff.

William S. D'Amico, Chadbourne & Parke, Grace E. Speights, Anne M. Brafford, Morgan Lewis & Bockius, LLP, Washington, DC, for Defendants.

*OPINION*

PAUL L. FRIEDMAN, District Judge.

This matter is before the Court on plaintiff's motion to amend his complaint and defendant's motion for judgment on the pleadings. In his motion to amend, plaintiff seeks to add five counts to the complaint and to add an additional defendant. Defendant opposes plaintiff's motion to amend and has moved for judgment on the pleadings with respect to both counts of the original complaint. Upon consideration of the arguments presented by the parties, the Court grants plaintiff's motion to amend in part and denies it in part and denies defendant's motion for judgment on the pleadings.

## I. BACKGROUND

On December 17, 1998, plaintiff Michael Stith, an African–American male, was fired by defendant, Chadbourne & Parke, after a fellow employee, Wendy Norwood, com-

plained that plaintiff was harassing and stalking her. On December 9, 1999, plaintiff filed a *pro se* complaint alleging racial discrimination under 42 U.S.C. § 1981 and the District of Columbia Human Rights Act, D.C.Code § 1–2501, *et seq.* (Counts I and II respectively). In his original complaint, plaintiff alleged that defendant terminated him and failed to follow certain internal procedures outlined in its discrimination and harassment policy because he is African–American.

On April 14, 2000, plaintiff moved to amend his complaint seeking to add several additional counts and an additional defendant, Ms. Norwood. To support this motion, Mr. Stith alleges that the statements Ms. Norwood made to Chadbourne & Parke about Mr. Stith were false and defamatory, as were similar statements she made to the Prince George's County Police Department.

Before coming to this Court, Mr. Stith had filed an EEOC complaint on January 6, 1999, alleging that he was fired based on his gender. He amended his EEOC complaint on April 21, 1999, to add a claim of race discrimination. On May 7, 1999, Chadbourne & Parke filed a response with the EEOC, which repeated in substantial part the statements made by Ms. Norwood to the defendant and to the Prince George's County police—statements in which Ms. Norwood claimed that plaintiff had been stalking her with a firearm and harassing her at the office. *See* Plaintiff's Motion to Amend His Complaint, Exhibit 6, Chadbourne & Parke's May 7, 1999 Response. Mr. Stith reviewed the response and two memoranda appended to the response that were written by Susan Sheehan, the office manager at Chadbourne & Parke's Washington, D.C office, around the time of Mr. Stith's termination. *See id.*, Exhibits 9 & 10, Memoranda by Susan Sheehan. The Sheehan memoranda included Ms. Norwood's statements about Mr. Stith as well as statements by other Chadbourne & Parke employees who either corroborated Ms. Norwood's allegations or, in the case of two other female employees, claimed that Mr. Stith had also harassed them in the past. *See id.* Ms. Sheehan's memoranda also stated that defendant contacted the District of Columbia Metropolitan Police Department ("MPD") the day prior to Mr. Stith's termination to report its concerns about plaintiff and to arrange for the police to be present when Mr. Stith was terminated. *See id.* Plaintiff alleges that all of these statements are untrue and thus are actionable as defamation.

Based on these facts, plaintiff now seeks to amend his complaint to add a gender discrimination claim under the D.C. Human Rights Act (Count III) and various defamation claims (Counts IV through VII). In Count IV, he seeks relief against Ms. Norwood for her own allegedly defamatory statements made to Chadbourne & Parke and to the Prince George's County police. Count V asserts a claim against Chabourne & Parke for defamation based on a theory of vicarious liability for Ms. Norwood's statements. Count VI seeks recovery against Chadbourne & Parke for their own publications and republications of Ms. Norwood's statements when it responded to Mr. Stith's EEOC complaint and when it contacted the MPD to insure that Mr. Stith would leave the premises without incident after his termination. Count VII seeks recovery against Ms. Norwood for defamation based on the publications and republications by Chadbourne & Parke to the EEOC and to the MPD of statements made to the firm by Ms. Norwood.

In its motion for judgment on the pleadings with respect to the two counts of plaintiff's original complaint, defendant ar-

gues that because Mr. Stith's position was filled by an African–American male, plaintiff cannot make out a *prima facie* case of race (or gender) discrimination. Thus, defendant argues that judgment should be entered for it on Counts I and II; for the same reason, it maintains that Count III, alleging gender discrimination, should not be added to the complaint.

## II. DISCUSSION

### A. *Plaintiff's Motion to Amend*

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend its complaint once as a matter of right and otherwise may amend only with leave of court or with the written consent of the adverse party. Leave should "be freely given when justice so requires." Rule 15(a), Fed.R.Civ.P.; 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1473 (2d ed.1990). The Court may deny leave if the party opposing the motion can provide a good reason why the amendment should not be allowed, including the clear futility of permitting the amendment. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Willoughby v. Potomac Electric Power Co.*, 100 F.3d 999, 1003 (D.C.Cir.1996). An amendment is futile if it would not survive a motion to dismiss or for judgment on the pleadings. *See Willoughby v. Potomac Electric Power Co.*, 100 F.3d at 1003; *Black v. National Football League Players Ass'n*, 87 F.Supp.2d 1, 6 (D.D.C.2000).

#### 1. Plaintiff's Defamation Claims

##### a. Counts IV, V and VII

Three of plaintiff's four defamation claims asserted in the motion to amend concern Ms. Norwood's allegedly defamatory statements. Counts IV and VII seek recovery against Ms. Norwood directly (1) for statements she made to the Prince George's County police and to defendant, or (2) for statements made by defendant to the EEOC or to the District of Columbia police that essentially repeat what Ms. Norwood told the defendant. Although plaintiff seeks recovery against Chadbourne & Parke in Count V, he does so on the theory of the firm's vicarious liability for Ms. Norwood's statements.

■■■ Defendant argues that Counts IV, V and VII are all barred by the statute of limitations and cannot be added to the complaint. Statements made by Ms. Norwood were made prior to or at least no later than December 17, 1998, the date of plaintiff's termination, while plaintiff's motion to amend was not filed until April 14, 2000, more than one year later. Because the limitations period for bringing a defamation claim in the District of Columbia is one year, the Court concludes that the statute of limitations has run with respect to Counts IV, V and VII, all relating to statements made by Ms. Norwood. *See* D.C.Code § 12–301(4) (1995); *Willoughby v. Potomac Electric and Power Co.*, 100 F.3d at 1003; *Wallace v. Skadden, Arps, Slate, Meagher & Flom*, 715 A.2d 873, 882–83 (D.C.1998).

■■■ Plaintiff argues that he nevertheless should be allowed to add Ms. Norwood and the claims against her under Rule 15(c) of the Federal Rules of Civil Procedure. A plaintiff is permitted to add an omitted party to a complaint under this Rule if

the party to be brought in by amendment . . . has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and . . . knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Rule 15(c)(3), Fed.R.Civ.P.; *see* 6A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1498 (2d ed.1990). But plaintiff does not assert that he made a mistake about the identity of the person who made the allegedly defamatory statements, and there is no reason that Ms. Norwood should have known that she was the person that plaintiff intended to sue. Plaintiff therefore cannot add Ms. Norwood to the suit on this theory. *See Rendall–Speranza v. Nassim,* 107 F.3d 913, 917–18 (D.C.Cir.1997); *Sparshott v. Feld Entertainment, Inc.,* 89 F.Supp.2d 1, 3 (D.D.C.2000).

▮▮▮ Mr. Stith next contends that because he was not fully aware of the facts supporting his defamation claims against Ms. Norwood or based on her conduct until June 1999, when he read Chadbourne & Parke's response to his EEOC complaint, the statute of limitations should be tolled through the application of the discovery rule. Under this rule—assuming that it applies at all in the defamation context—the statute of limitations does not run with respect to a specific claim until a plaintiff discovers or reasonably should have discovered the facts necessary to assert that claim. *See Caudle v. Thomason,* 942 F.Supp. 635, 641 (D.D.C.1996). As plaintiff acknowledges, however, the police told him about Ms. Norwood's accusations on the day he was fired, December 17, 1998, and Mr. Stith himself told the Department of Unemployment Services on December 28, 1998 that he believed that he had been defamed by Ms. Norwood. *See* Defendant Chadbourne & Parke's Opposition to Plaintiff's Motion for Leave to Amend His Complaint and Defendant's Cross–Motion for Judgment on the Pleadings, Exhibit A, Michael Stith's Separation Statement, at 6. Even if plaintiff did not know the precise content of Ms. Norwood's statements until June 1999, he had sufficient knowledge that an allegedly defamatory statement was made, of its publication to defendant and to the MPD, and of some injury resulting from the statements. *See Wallace v. Skadden, Arps, Slate, Meagher & Flom,* 715 A.2d at 882–83. The Court therefore denies plaintiff's motion to amend his complaint to add Wendy Norwood as a defendant and to add Counts IV, V and VII.[1]

### b. Count VI

▮▮▮ In Count VI, plaintiff seeks recovery against Chadbourne & Parke for statements it made to the EEOC and to the MPD. The Court agrees with defendant that the firm's statements to the EEOC—but not those to the MPD—are time-barred because of the one-year statute of limitations for defamation in the District of Columbia. *See supra* at 6.[2] Furthermore, because the original complaint contains no factual allegations suggesting that Chadbourne & Parke made any statement to the EEOC that might be considered defamatory, plaintiff's claim does not relate back to the original discrimination complaint. *See Caudle v. Thomason,* 942 F.Supp. at 640–41; *Construction Interior Systems, Inc. v. Donohoe Companies, Inc.,* 813 F.Supp. 29, 36–37 (D.D.C.1992); 6A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FED-

---

1. In addition to the fact that Count IV is time-barred, it relates to statements Ms. Norwood made to the Prince George's County police regarding her belief that Mr. Stith was stalking her with a firearm. It therefore would have to be dismissed because such statements are absolutely privileged. *See infra* at 9.

2. Defendant concedes that its alleged statements to the MPD are not time-barred, but it alleges that the statements are subject to an absolute privilege.

ERAL PRACTICE AND PROCEDURE § 1497 (2d ed.1990). The Court concludes, however, that plaintiff may add Count VI through the application of the discovery rule which tolls the running of the statute of limitations. *See Caudle v. Thomason*, 942 F.Supp. at 641. Unlike the case with respect to his claim against Ms. Norwood, plaintiff had no reason to know that Chadbourne & Parke made allegedly defamatory statements to the EEOC until June 1999 when he read the letter from defendant to the EEOC. Thus, for the claim raised in Count VI the statute of limitations did not expire until June 2000 and does not bar the addition of this count to the complaint.

■ Although Count VI is not time-barred, the Court concludes that the statements underlying this count are privileged and thus cannot be the basis for a defamation claim. With respect to the statements to the EEOC, plaintiff filed a complaint with the EEOC because he believed that he had been discriminated against based on his race and gender; defendant's allegedly defamatory statements were part of its response to plaintiff's accusations. Although these statements were made at the investigatory phase, any such investigation was undertaken preliminarily to a quasi-judicial proceeding initiated by Mr. Stith himself. These communications by defendant to the EEOC therefore are entitled to an absolute privilege. *See McBride v. Pizza Hut, Inc.*, 658 A.2d 205, 206–07 (D.C. 1995) (communications preliminary to proposed judicial proceeding are absolutely privileged); *see also Elliott v. Healthcare Corp.*, 629 A.2d 6, 9 (D.C.1993); *Mazanderan v. McGranery*, 490 A.2d 180, 181–82 (D.C.1984). Furthermore, in the context of an EEOC investigation, some courts have concluded that the investigation itself is part of the quasi-judicial proceeding, and that statements made during the investiga-tion therefore are entitled to an absolute privilege. *See Hinds v. Magna Fabrics, Inc.*, Civil Action No. 96–1383, 1997 WL 309378, at * 5 (S.D.N.Y. June 9, 1997); *Medina v. Spotnail, Inc.*, 591 F.Supp. 190, 196 (N.D.Ill.1984). Whether the statements made by defendant were preliminary to a quasi-judicial proceeding or part of such a proceeding, the result remains the same: Chadbourne & Parke's statements to the EEOC are absolutely privileged and cannot form the basis of a claim for defamation.

■ As for statements made to the police, it is settled that statements made to police for the purpose of initiating a criminal proceeding are absolutely privileged because they are "statements made preliminary to or during the course of judicial proceedings." *Rauh v. Coyne*, 744 F.Supp. 1186, 1193 (D.D.C.1990). Thus, Ms. Norwood's statements to the Prince George's County police are absolutely privileged because the incident report prepared by the police is the type of report made "preliminary to, and for the purpose of initiating a criminal proceeding." *Id.* Although Mr. Stith was never arrested in connection with Ms. Norwood's statements, the facts suggest that Ms. Norwood sought to initiate some form of formal criminal proceeding.

■ By contrast, Chadbourne & Parke's statements to the MPD are not absolutely privileged. As defendant itself acknowledges, the police were contacted to insure Mr. Stith's peaceful removal from the building on the day of his termination, not for the purpose of initiating a criminal proceeding against him. *See* Defendant Chadbourne & Parke's Opposition to Plaintiff's Motion for Leave to Amend His Complaint and Defendant's Cross–Motion for Judgment on the Pleadings, at 17. It does not appear that any incident report was prepared or that judicial proceedings

were ever contemplated. Rather, defendant's sole concern was insuring that Mr. Stith would leave the premises without incident when he was terminated. Thus, defendant's statements to the MPD are not entitled to an absolute privilege.

■■■■■ The question, then, becomes whether defendant is entitled to a qualified privilege for the statements it made to the MPD. A qualified privilege applies to a statement if it was "(1) made in good faith, (2) on a subject in which the party communicating has an interest, ... (3) to a person who has such a corresponding interest." *Novecon Ltd. v. Bulgarian–American Enterprise Fund,* 977 F.Supp. 45, 49 (D.D.C.1997) (quoting *Columbia First Bank v. Ferguson,* 665 A.2d 650, 655 (D.C.1995)). Whether the statement is privileged is a question of law for the Court to decide. *See id.* (quoting *Columbia First Bank v. Ferguson,* 665 A.2d at 655). In this case, defendant had a good faith basis to call the police to insure the safety of its employees on the day of Mr. Stith's termination based on (1) Ms. Norwood's representations that Mr. Stith had told her that he carried a gun in his car, (2) statements corroborating Ms. Norwood's assertions, and (3) statements indicating that Mr. Stith had harassed other female employees at the firm. It was reasonable for defendant to conclude that it had an interest in protecting the safety of its employees, and this information was communicated to a group with a corresponding interest in protecting the safety of the employees—namely, the police. The Court concludes that defendant's statements to the police meet all three prongs of the *Novecon* test and that Chadbourne & Parke therefore is entitled to a qualified privilege for the statements it made to the MPD.

■■■■■ While "[a] qualified privilege is a complete defense to libel, ... the de-

fense is lost by the showing of malice." *Columbia First Bank v. Ferguson,* 665 A.2d at 656. Once a court decides that the qualified privilege applies—as it does here—the party making the statement is presumed to have acted in good faith. *See id.* The issue for Mr. Stith, then, is whether there is or can be a sufficient showing of malice to overcome the presumption and defeat the privilege. *Id. See White v. Fraternal Order of Police,* 909 F.2d 512, 524–25 (D.C.Cir.1990); *Novecon Ltd. v. Bulgarian–American Enterprise Fund,* 977 F.Supp. at 49. The law in the District of Columbia is as follows:

> "[Malice is] the doing of an act without just cause or excuse, with such a conscious indifference or reckless disregard as to its results or effect upon the rights or feelings of others as to constitute ill will." But even a showing of ill will towards the plaintiff ... "will not forfeit the privilege so long as the *primary* purpose is to further the interest which is entitled to protection." Thus, in deciding whether a particular statement is protected by a qualified privilege, we must "look[ ] to the primary motive by which the defendant is apparently inspired...."

*Novecon Ltd. v. Bulgarian–American Enterprise Fund,* 977 F.Supp. at 50 (quoting *Columbia First Bank v. Ferguson,* 665 A.2d at 656) (emphasis in original).

■■■■ Although plaintiff is entitled to all reasonable inferences at this stage of the litigation, the Court concludes that his attempt to add Count VI by way of amendment would be futile because the facts that he himself asserts do not show malice. Based on plaintiff's own account of the allegedly defamatory statements in his proposed amended complaint, defendant had ample reason to believe that Mr. Stith could pose a threat to its employees, especially on the day he was to be terminated.

The firm not only had Ms. Norwood's statement before it but also the statements by other employees corroborating her story and statements of two other employees claiming that Mr. Stith had harassed them in the past. Typically, proving actual malice is a difficult thing to do; but given the amount of evidence on which defendant relies to show its good faith and plaintiff's own account of the facts, the Court concludes that plaintiff would be unable to prove actual malice even after discovery. Nor has Mr. Stith alleged any facts that would permit the Court to infer that defendant's purported ill will towards plaintiff was the *primary* motivation for calling the police on the day of plaintiff's termination. All of the evidence points to the fact that defendant's primary purpose related to its legitimate concerns about the safety of its employees. Plaintiff has failed to allege any facts to support a claim of malice, and the acknowledged facts overwhelmingly support the conclusion that the defendant acted in good faith. *See Novecon, Ltd. v. Bulgarian–American Enterprise Fund,* 977 F.Supp. at 50–51; *Columbia First Bank v. Ferguson,* 665 A.2d at 657. The Court therefore concludes that permitting an amendment of the complaint to add Count VI would be futile.

### 2. Plaintiff's Gender Discrimination Claim (Count III)

Although plaintiff attempts to add his gender discrimination claim after the expiration of the one year limitations period of the District of Columbia Human Rights Act, *see* D.C.Code § 1–2556(a), he argues that he should be permitted to do so because the claim relates back to the original complaint. *See* Rule 15(c)(2), Fed. R.Civ.P. Defendant does not contest this point. The facts that support plaintiff's gender discrimination claim are the same as those that support the race discrimination claim set forth in the original complaint and the same as those that Mr. Stith alleged in his EEOC complaint. Furthermore, because plaintiff raised this gender claim with the EEOC, Chadbourne & Parke was on notice that Mr. Stith might assert this claim here. The Court therefore concludes that this count is not time-barred.

Defendant argues, however, that the gender discrimination claim amendment should not be allowed on the grounds of futility because plaintiff and the person who replaced him are both males. Because plaintiff cannot show that he was replaced by someone outside of his protected class, defendant argues that he cannot satisfy his *prima facie* burden. *See Willoughby v. Potomac Electric Power Co.,* 100 F.3d at 1003. Defendant makes the same argument in support of its motion for judgment on the pleadings with respect to plaintiff's two original race discrimination claims. The Court therefore will analyze his gender and race discrimination claims together. *See infra* at 14–19.

### B. Motion for Judgment on the Pleadings

The standard of review on a motion for judgment on the pleadings is "virtually identical" to the standard of review on a motion to dismiss. *Haynesworth v. Miller,* 820 F.2d 1245, 1254 (D.C.Cir.1987). Thus, judgment should not be entered for defendant on the pleadings unless there appears to be no set of facts that plaintiff could prove that would entitle him to relief. *See id.; United Parcel Service, Inc. v. International Brotherhood of Teamsters,* 859 F.Supp. 590, 593 (D.D.C.1994). In deciding the motion, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences based on those allegations in favor of the plaintiff. *See id.; Trans-*

*world Products Co. v. Canteen Corp.*, 908 F.Supp. 1, 2 (D.D.C.1995).

 Claims brought under both 42 U.S.C. § 1981 and the District of Columbia Human Rights Act are analyzed in the same manner as claims arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq. See Mungin v. Katten Muchin & Zavis*, 116 F.3d 1549, 1553 (D.C.Cir.1997); *Remedios Jose v. Hospital for Sick Children*, 130 F.Supp.2d 38, 41 (D.D.C.2000). Under the framework established by the Supreme Court in *McDonnell Douglas Corporation v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), a plaintiff alleging discriminatory discharge generally must show as an initial matter (1) membership in a protected class, (2) performance at or near the employer's legitimate expectations, (3) termination, and (4) replacement by a person of equal or lesser ability who is not a member of the protected class or, alternatively, that the position remained open after termination. *See Neuren v. Adduci, Mastriani, Meeks & Schill*, 43 F.3d 1507, 1512 (D.C.Cir.1995). Defendant argues that because it is undisputed that Mr. Stith, an African–American male, was replaced by another African–American male

following his termination, he cannot meet his *prima facie* burden of either race or gender discrimination.[3]

Plaintiff responds that showing that his replacement was not from his protected class is actually not an essential requirement of the *prima facie* burden in a discrimination case where the adverse action is termination. He argues that the *McDonnell Douglas* test was designed to isolate facts giving rise to an inference of discrimination, but that this test is not rigid or inflexible and that the *prima facie* burden was never intended to be a heavy one. *See Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 253–54, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). Plaintiff notes that while the D.C. Circuit has not addressed the issue, nine of the ten circuits that have dealt with this question have concluded that the fourth prong of *McDonnell Douglas* is not an essential part of the *prima facie* case in a termination suit.[4] He also cites the Supreme Court's decision in *O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308, 311–12, 116 S.Ct. 1307, 134 L.Ed.2d 433 (1996), in which the Court unanimously rejected the argument that an age discrimination plaintiff must prove, as part of the

3. Plaintiff makes the argument that his failure to plead all of the elements of the *prima facie* case in the complaint is not grounds for dismissal or for judgment on the pleadings. *See Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1114–15 (D.C.Cir.2000); *Thomas v. City Lights School, Inc.*, 124 F.Supp.2d 707, 712–13 (D.D.C.2000); *Woodruff v. DiMario*, 197 F.R.D. 191, 193–94 (D.D.C.2000); *Williams v. Munoz*, 106 F.Supp.2d 40, 44 (D.D.C.2000). These cases, however, are inapposite because defendant is not arguing about the adequacy of plaintiff's pleading. Rather, it is known and undisputed that Mr. Stith was replaced by someone in his protected class. Therefore, regardless of what his complaint says, the issue is the substantive one of whether plaintiff will ever be able to meet his initial burden of establishing a *prima facie* case.

4. *See Cumpiano v. Banco Santander Puerto Rico*, 902 F.2d 148, 155 (1st Cir.1990); *Meiri v. Dacon*, 759 F.2d 989, 996 (2nd Cir.1985); *Pivirotto v. Innovative Systems, Inc.*, 191 F.3d 344, 354 (3rd Cir.1999); *Nieto v. L & H Packing Co.*, 108 F.3d 621, 624 n .7 (5th Cir.1997); *Jackson v. Richards Med. Co.*, 961 F.2d 575, 587 n. 12 (6th Cir.1992); *Carson v. Bethlehem Steel Corp.*, 82 F.3d 157, 159 (7th Cir.1996); *Walker v. St. Anthony's Med. Ctr.*, 881 F.2d 554, 558 (8th Cir.1989); *Perry v. Woodward*, 199 F.3d 1126, 1138 (10th Cir. 1999); *Howard v. Roadway Express, Inc.*, 726 F.2d 1529, 1534 (11th Cir.1984); *but see Brown v. McLean*, 159 F.3d 898, 905 (4th Cir.1998).

*prima facie* case, that he or she was replaced by someone outside the protected class. "The fact that one person in the protected class has lost out to another person in the protected class is thus irrelevant, so long as he lost out *because of his age* . . . . [T]here can be no greater inference of *age* discrimination (as opposed to '40 or over' discrimination) when a 40–year–old is replaced by a 39–year–old than when a 56–year–old is replaced by a 40–year–old." *Id.* at 312, 116 S.Ct. 1307 (emphasis in original).

The Court disagrees with plaintiff's position in this case to the extent that it is based on *O'Connor.* Dispensing with the fourth prong of the *prima facie* case makes sense in an age discrimination case because it is the age disparity between the discharged employee and the replacement employee that is the probative factor creating an inference of discrimination; whether one's replacement is outside of the protected class, by itself, is not. *See Phuong v. National Academy of Sciences,* 927 F.Supp. 487, 489 & n. 3 (D.D.C.1996). In the race or gender discrimination context, however, this fourth prong retains significant probative value because inferences of discrimination can be drawn based on the fact that one's replacement is not in the same protected class as the discharged employee. *See Kidane v. Northwest Airlines, Inc.,* 41 F.Supp.2d 12, 17–18 n. 8 (D.D.C.1999) (Harris, J.) (*O'Connor* reasoning does not translate to cases involving racial discrimination); *Simens v. Reno,* 960 F.Supp. 6, 8–10 (D.D.C. 1997) (Lamberth, J.) (holding that *O'Connor* did not eliminate the fourth prong in a failure to hire gender discrimination case). Thus, to the extent that the argument for not insisting upon satisfaction of the fourth

prong in race or gender termination cases relies on *O'Connor,* the Court is not persuaded.

The nine circuits that have decided that the fourth requirement is no longer part of a plaintiff's *prima facie* burden in a race or gender termination case did not base their holdings exclusively on the Supreme Court's analysis in *O'Connor,* however, but concluded that this fourth prong is analytically less relevant in the termination context than in a failure to hire case. Judge Lamberth has agreed with these courts, concluding that failure to satisfy the fourth prong was not fatal, by itself, to a termination complaint if other circumstances could give rise to an inference of discrimination. *See Lewis v. NVT Technologies, Inc.,* 118 F. Supp .2d 51, 53–54 (D.D.C. 2000).[5] Three other judges of this Court, including the undersigned, have reached the opposite conclusion, holding that the fourth prong remains a required part of a plaintiff's *prima facie* burden even in a termination case and that the failure to satisfy it is fatal to the claim. *See Kidane v. Northwest Airlines, Inc.,* 41 F.Supp.2d at 17–18 n. 8 (Harris, J.); *Hogue v. Tandy Corp.,* Civil Action No. 97–0208, 1998 WL 765723, at * 4 (D.D.C. Oct.23, 1998) (Friedman, J.); *Phillips v. Holladay Property Services, Inc.,* 937 F.Supp. 32, 34–35 (D.D.C.1996) (Richey, J.).

Faced with decisions of nine circuits in conflict with its own prior decision, this Court would be rigid indeed not at least to reexamine its analysis in *Hogue* to see if it withstands careful scrutiny. While the mere fact that nine courts of appeals are in agreement is not alone reason to reconsider, the reasoning of some of these deci-

---

5. Judge Oberdorfer appears to have gone further than either Judge Lamberth or the nine circuits, holding that after *O'Connor* the fourth prong has been eliminated as a requirement of the *prima facie* case in *all* discrimination cases. *See Ekandem v. District of Columbia,* Civil Action No. 91–1060, 1997 WL 361187, at * 4 (D.D.C. June 23, 1997).

sions demands attention. As Justice Frankfurter once wrote: "Wisdom too often never comes, and so one ought not reject it merely because it comes late." *Henslee v. Union Planters Nat'l Bank & Trust Co.*, 335 U.S. 595, 600, 69 S.Ct. 290, 93 L.Ed. 259 (1949) (Frankfurter, J., dissenting).

 The Court now is persuaded that the fact that one's replacement is not in the same protected class as the discharged employee "may help raise an inference of discrimination, but it is neither a sufficient or a necessary condition." *Carson v. Bethlehem Steel Corp.*, 82 F.3d at 159. Conversely, while the fact that a man is replaced by a man or an African–American is replaced by an African–American—as in this case—is "relevant in evaluating the employer's motive," it also is "entirely conceivable" that the discharged employee nevertheless may be able to establish that he or she was the "object of impermissible discrimination" related to race or gender. *Walker v. St. Anthony's Med. Ctr.*, 881 F.2d at 558. "[T]he single fact that a plaintiff is replaced by someone within [his or her] protected class does not negate the possibility that the discharge was motivated [by] discriminatory reasons." *Nieto v. L & H Packing Co.*, 108 F.3d at 624 n. 7 (quoting *Hornsby v. Conoco, Inc.*, 777 F.2d 243, 246–47 (5th Cir. 1985)).

Judge Edward Becker has well articulated the reasons for the more flexible approach now endorsed by most of the circuits in termination cases. Recognizing that a major purpose of the *McDonnell Douglas prima facie* case is "to eliminate the most obvious, lawful reasons for the [employer's] action," he noted:

> Requiring that a gender-discrimination plaintiff prove she was replaced by a man ... eliminates no common, lawful reasons for the discharge. If a plaintiff cannot prove that she was qualified for a position or that the employer took an adverse employment action against her, it is clear why her discrimination case should fail. By contrast, a plaintiff's inability to prove that she was replaced by someone outside of her class is not necessarily inconsistent with her demonstrating that the employer treated her "less favorably than others because of [her] race, color, religion, sex, or national origin." .... Even if the plaintiff was replaced by someone within her own class, this simply demonstrates that the employer is willing to hire people from this class—which in the present context is presumably true of all but the most misogynistic employers—and does not establish that the employer did not fire the plaintiff on the basis of her protected status.

*Pivirotto v. Innovative Systems, Inc.*, 191 F.3d at 352 (quoting *Furnco Construction Corp. v. Waters*, 438 U.S. 567, 577, 98 S.Ct. 2943, 57 L.Ed.2d 957 (1978)). Thus, the fact that Chadbourne & Parke hired an African–American male to replace Mr. Stith has substantial evidentiary force in showing that the termination in this case was *not* the result of discrimination. Yet that fact alone should not deprive Mr. Stith of the opportunity to persuade a jury that Chadbourne & Parke's decision to terminate him was motivated by his race or gender irrespective of his replacement's race or gender.[6] The Court therefore de-

6. Whether plaintiff can show enough after discovery to survive a motion for summary judgment and proceed to trial is, of course, a different question and one which the Court cannot resolve now. Under the *McDonnell Douglas* burden-shifting framework, plaintiff's satisfaction of his *prima facie* burden is only the first step in the process. Next, defendant has the burden of providing legitimate non-discriminatory reasons for the discharge,

nies defendant's motion for judgment on the pleadings and will permit plaintiff to amend his complaint to add Count III.

### III. CONCLUSION

For all of the foregoing reasons, the Court denies plaintiff's motion to amend the complaint to add Counts IV, V, VI and VII and to add Wendy Norwood as a defendant. It grants the motion to amend insofar as it seeks to add Count III, alleging discrimination based on gender, and it denies defendant's motion for judgment on the pleadings with respect to Counts I and II. An Order consistent with this Opinion will be issued this same day.

SO ORDERED.

### *ORDER*

The Court has before it plaintiff's motion to amend his complaint and defendant's motion for judgment on the pleadings. Upon consideration of the arguments advanced by the parties and for the reasons stated in the Opinion issued this same day, it is hereby

ORDERED that plaintiff's motion to amend his complaint [9–1] is GRANTED in part and DENIED in part; it is

FURTHER ORDERED that plaintiff may amend his complaint to add only Count III alleging discrimination based on gender under the District of Columbia Human Rights Act, D.C.Code § 1–2501, *et seq.;* it is

FURTHER ORDERED that defendant's motion for judgment on the pleadings [12–1] is DENIED; and it is

FURTHER ORDERED that consistent with the Court's order of October 2, 2000,

which it has done by pointing to plaintiff's alleged harassment of female employees and the possible threat to Ms. Norwood's safety. *See McDonnell Douglas Corporation v. Green,* 411 U.S. at 802–04, 93 S.Ct. 1817. Finally,

each party shall have thirty (30) days from the date of this order to take additional discovery. Should the parties require more time in which to complete discovery, they should file jointly with the Court an appropriate motion seeking an extension of time. In addition, the parties shall file jointly with the Court an agreed upon schedule with proposed deadlines for briefing post-discovery dispositive motions within ten (10) days from the date of this order.

SO ORDERED.

plaintiff must show that the reasons offered by the employer are merely pretext for discrimination. *See id.* at 804–05, 93 S.Ct. 1817. At this time, the Court is deciding only that plaintiff has met his *prima facie* burden.