Lillie TENEYCK, Plaintiff,

v.

**OMNI SHOREHAM HOTEL,**
Defendant.

No. Civ.A. 99–3315(RBW).

United States District Court,
District of Columbia.

Sept. 11, 2002.

William Sheldon Stancil, David L. Rose, David M. Wachtel, Rose & Rose, P.C., Washington, DC, for Plaintiff.

Lillie Teneyck, Washington, DC, Pro se.

Alexander Neal Barkus, Scot Allen Lewis Hinshaw, Hunton & Williams, Washington, DC, for Defendant.

### MEMORANDUM OPINION

WALTON, District Judge.

This matter comes before the Court on defendant's motion for summary judgment. Having considered defendant's motion, plaintiff's opposition, and the record in this case, the Court will deny the motion.

#### I. Background.

On or about September 8, 1996, Lillie Teneyck, a 61–year old African–American woman, applied for a position as a house-

keeper at the Omni Shoreham Hotel in Washington, D.C. Omni Shoreham Hotel's Memorandum of Points and Authorities in Support of its Motion for Summary Judgment ("Defendant's Motion"), Ex. A ("Teneyck Deposition"), pp. 23, 31. Plaintiff sought a part-time housekeeping position at the hotel because she was scheduled to retire from the United States Department of the Treasury.[1] Teneyck Deposition, p. 23. At that time there was a part-time housekeeping position open. Teneyck Deposition, p. 31. Plaintiff filled out an application, and had a preliminary interview with Paula Nesmith, an administrative assistant whose duties included the screening of applicants for housekeeping positions. Defendant's Motion, Ex. B (Nesmith Affidavit), ¶¶ 1–3.

Shortly thereafter, plaintiff was referred to Freweini Kahasay, the hotel's Executive Housekeeper, for an interview. Teneyck Deposition, p. 39; Lillie Teneyck's Opposition to Motion for Summary Judgment ("Teneyck Opposition"), Ex. A (Teneyck Affidavit), ¶ 4; Nesmith Affidavit, ¶ 3; Defendant's Motion, Ex. C (Kahasay Affidavit), ¶ 3. Ms. Kahasay discussed the job with plaintiff, and told plaintiff to call back the next day. Teneyck Deposition, pp. 40–42, 47. When plaintiff called as instructed, she alleges that Ms. Kahasay refused to speak with her, as was the case when plaintiff called a second time on that same day. Teneyck Deposition, pp. 53–58. Plaintiff was not hired, and did not return to the hotel. Teneyck Deposition, p. 59.

In this action, plaintiff alleges that "defendant has discriminated against her based on her age, in violation of the [Age Discrimination in Employment Act]." Amended Complaint, ¶ 16. Further, she alleges that the "defendant failed to select plaintiff for a housekeeping position on the basis of her race (African–American) and national origin (U.S.born)" in violation of Title VII of the Civil Rights Act of 1964. *Id.*, ¶ 18.

## II. Discussion

### A.

Summary judgment should be granted to the movant if it has shown, when the facts are viewed in the light most favorable to the non-movant, that there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Fed. R.Civ.P. 56(c). A material fact is one "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). When evaluating a summary judgment motion the Court must view the evidence in the light most favorable to the non-moving party, and draw all reasonable inferences in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 255, 106 S.Ct. 2505. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Id.; Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000). The party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248, 106 S.Ct. 2505; *see also Jackson v. Finnegan, Henderson, Farabow, Garrett*

---

1. Plaintiff had worked at the hotel in its housekeeping department before. Teneyck Deposition, pp. 31, 37; Nesmith Affidavit, ¶ 2.

*& Dunner*, 101 F.3d 145, 150 (D.C.Cir. 1996).

**B.**

It is plaintiff's burden in a Title VII action to establish a *prima facie* case of discrimination by a preponderance of the evidence. *McDonnell Douglas v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). In *McDonnell Douglas*, the Supreme Court set forth a model for how a plaintiff can establish a *prima facie* case. The model requires a plaintiff to show:

(i) that [s]he belongs to a racial minority;

(ii) that [s]he applied and was qualified for a job for which the employer was seeking applicants;

(iii) that, despite [her] qualifications, [s]he was rejected; and

(iv) that, after [her] rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications.[2]

*McDonnell Douglas*, 411 U.S. at 802, 93 S.Ct. 1817; *see also Aka v. Washington Hospital Center*, 156 F.3d 1284, 1288 (D.C.Cir.1998) (en banc). The model's primary purpose is to weed out those cases involving "the two most common legitimate reasons on which an employer might rely to reject a job applicant: an absolute or relative lack of qualifications or the absence of a vacancy in the job sought. Elimination of these reasons for the refusal to hire is sufficient, absent other explanation, to create an inference that the decision was a discriminatory one." *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 358 n. 44, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977).

The *McDonnell Douglas* Court emphasized that the test it articulated is not rigid. As the Supreme Court noted, it must be flexible and adjusted to the facts of a particular case. *McDonnell Douglas*, 411 U.S. at 802, 93 S.Ct. 1817; *see Furnco Constr. Corp. v. Waters*, 438 U.S. 567, 577, 98 S.Ct. 2943, 57 L.Ed.2d 957 (1978). Commenting on the test, the District of Columbia Circuit stated that a plaintiff in an employment discrimination action constructs a *prima facie* case of discrimination "by establishing that: '(1) she is a member of a protected class; (2) she suffered an adverse employment action; and (3) the unfavorable action gives rise to an inference of discrimination.' "[3] *Stella v.*

**2.** Generally, this test is applied in discrimination claims both under Title VII of the Civil Rights Act and the Age Discrimination in Employment Act. *See, e.g., Swierkiewicz v. Sorema*, 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (*McDonnell Douglas* framework applied in an employment discrimination action under Title VII and the ADEA).

**3.** The facts as presented regarding plaintiff's interviews alone do not create an inference of discrimination. Plaintiff was interviewed by two women, both considered by plaintiff to be black. Teneyck Deposition, p. 29. The first woman to interview plaintiff, Ms. Nesmith, informed plaintiff that a part-time position was available, and had plaintiff fill out a job application. Teneyck Deposition, pp. 31–32, 38. Plaintiff admitted at her deposition that

Ms. Nesmith said nothing to her about her age: Ms. Nesmith "never said anything about whether I was too old or not." Teneyck Deposition, p. 36. Nor did Ms. Nesmith speak of plaintiff's race, nor did she make any comments that plaintiff felt were discriminatory. Teneyck Deposition, p. 37. Moreover, plaintiff testified that Ms. Nesmith "never acted as if she didn't want me to have the job or anything. She was real nice and friendly." Teneyck Deposition, p. 38.

Ms. Kahasay, the second woman to interview plaintiff, did ask why plaintiff wanted a housekeeper position, with no benefits, after having worked for the government for so many years. Teneyck Deposition, pp. 41, 44. She also informed plaintiff that work on weekends was required. Teneyck Deposition,

*Mineta,* 284 F.3d 135, 145 (D.C.Cir.2002) (quoting *Brown v. Brody,* 199 F.3d 446, 452 (D.C.Cir.1999)). There is no dispute that plaintiff is an African American woman, that plaintiff is over 40 years of age, that a housekeeper position was available, that plaintiff applied for the housekeeper position, and that plaintiff was qualified for the position. Nor do the parties dispute that plaintiff was not hired.[4] Plaintiff, then, has established a *prima facie* case of discrimination.

## C.

Since plaintiff has established a *prima facie* case, the burden shifts to defendant to rebut the presumption of discrimination by producing evidence of its legitimate, nondiscriminatory reason for its employment decision. *McDonnell Douglas,* 411 U.S. at 802, 93 S.Ct. 1817; *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 254, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). To accomplish this task, "the defendant must clearly set forth, through the introduction of admissible evidence, the reasons for the plaintiff's rejection." *Burdine,* 450 U.S. at 255, 101 S.Ct. 1089. De-

fendant's burden is one of production, not of persuasion. *Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. at 142, 120 S.Ct. 2097 (quoting *St. Mary's Honor Center v. Hicks,* 509 U.S. 502, 509, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993)). At all times, plaintiff bears the burden of persuading the trier of fact that defendant intentionally discriminated against her. *Burdine,* 450 U.S. at 253, 101 S.Ct. 1089. If the trier of fact believes plaintiff's evidence, and the employer remains silent in the face of the presumption, "the court must enter judgment for the plaintiff because no issue of fact remains in the case." *Id.* at 254, 101 S.Ct. 1089. If defendant successfully produces evidence setting forth at least one legitimate nondiscriminatory reason for its employment decision, the burden shifts back to plaintiff to proffer evidence tending to show that defendant's reason is pretextual. *Id.* at 256, 101 S.Ct. 1089. Plaintiff may attempt to establish that defendant intentionally discriminated against her "by showing that the employer's proffered explanation is unworthy of credence." *Reeves,* 530 U.S. at 143, 120 S.Ct. 2097 (citing *Burdine,* 450

---

pp. 42, 45. As plaintiff testified, Ms. Kahasay did not tell plaintiff that plaintiff was too old for the position, nor did she make any reference to plaintiff's race and nationality. Teneyck Deposition, pp. 45–46; Kahasay Affidavit, ¶ 3. "All of those things were irrelevant to [Ms. Kahasay]" because she was "more interested in whether [plaintiff] could work the schedule [Ms. Kahasay] needed her to, and if [plaintiff] appreciated the responsibilities of the job so that [Ms. Kahasay] could determine [plaintiff's] ability to fulfill the position." Kahasay Affidavit, ¶ 3. The interviewers' questions focused narrowly on the housekeeping position, the prospective employer's legitimate concerns in filling it, with proper inquiries to plaintiff concerning her availability to work the required hours, her willingness to accept the position, and her ability to perform the required tasks. By plaintiff's own admission, there was no overt discrimination evident during the interview process.

4. Plaintiff apparently thought that she had been hired by Ms. Nesmith at the time of her first interview. *See* Teneyck Deposition, p. 32. Defendant takes exception to plaintiff's position. Ms. Nesmith had no authority to hire applicants. Nesmith Affidavit, ¶ 2. According to Ms. Kahasay, her role was to approve applicants pre-screened by one or more members of the hotel's Human Resources staff. Kahasay Affidavit, ¶ 2. She either would make a recommendation directly to the Director of Human Resources, or she would make a note on the application for the Director's consideration. *Id.* Neither Ms. Nesmith nor Ms. Kahasay in her affidavit states that plaintiff's application was approved. A list of employees hired in the housekeeping department during the period from December 11, 1995 to October 31, 1997 does not include plaintiff. Defendant's Motion, Ex. C (Affidavit of Albert Lazar), ¶ 3. A copy of the application itself is not a part of the record.

U.S. at 256, 101 S.Ct. 1089). The trier of fact "may still consider the evidence establishing the plaintiff's prima facie case and inferences properly drawn therefrom ... on the issue of whether the defendant's explanation is pretextual." *Reeves,* 530 U.S. at 143, 120 S.Ct. 2097 (quoting *Burdine,* 450 U.S. at 256 n. 10, 101 S.Ct. 1089).

█ Defendant argues that it rejected plaintiff's application because of the hours (Sundays) plaintiff was not available to work.[5] Weekends are the busiest time for the housekeeping staff. *See* Kahasay Affidavit, ¶ 3. According to defendant, plaintiff told both Ms. Nesmith and Ms. Kahasay that she was unavailable to work on Sundays because she had church-related obligations on Sundays. Nesmith Affidavit, ¶ 3; Kahasay Affidavit, ¶ 3; *see* Defendant's Motion, p. 5. Plaintiff directly contradicts defendant's position, however, by testifying that she was indeed available to work on Sundays. *See* Teneyck Deposition, p. 45; *see also* Teneyck Affidavit, ¶ 5. As defendant concedes, there remains a genuine issue of material fact regarding defendant's legitimate nondiscriminatory reason for not hiring plaintiff. *See* Defendant's Motion, p. 9. This concession, coupled with the Court's conclusion that plaintiff has established her *prima facie* case, precludes the Court from awarding defendant summary judgment.

### III. Conclusion

█ Summary judgment is appropriate in an employment discrimination case where either the evidence is insufficient to establish a *prima facie* case, or, assuming the existence of a *prima facie* case, there is no genuine issue of material fact that the defendant's articulated nondiscrimina-

tory reason for the challenged decision is pretextual. *Paul v. Federal Nat'l Mortgage Ass'n,* 697 F.Supp. 547, 553 (D.D.C. 1988). In a case of alleged discrimination, the Court must apply strictly the standards for summary judgement because "discriminatory intent and proof of disparate treatment are notoriously difficult to establish." *Ross v. Runyon,* 859 F.Supp. 15, 21–22 (D.D.C.1994), *aff'd per curiam,* No. 95–5080, 1995 WL 791567 (D.C.Cir. Dec. 7, 1995).

Because plaintiff has established a *prima facie* case of employment discrimination, and defendant has conceded the existence of a genuine issue of material fact as to its purported reason for apparently not hiring plaintiff, this case is not proper for summary judgment. For these reasons, the Court will deny defendant's motion for summary judgment. An Order consistent with this Memorandum Opinion is issued on this date.

### *ORDER*

For the reasons stated in the accompanying Memorandum Opinion, on this 6th day of September 2002, it is hereby

ORDERED that defendant's motion for summary judgment [Dkt. # 34] is DENIED.

SO ORDERED.

---

5. The Court notes that nothing in the record explains why plaintiff was not hired for the housekeeping position for which she applied. Neither Ms. Nesmith nor Ms. Kahasay in her affidavit expressly states that plaintiff was not hired, or, if she was not hired, the reason for the decision.