**Mary E. HAYES, Plaintiff,**

v.

**Anthony PRINCIPI, Secretary, United States Department of Veterans Affairs, Defendant.**

**No. CIV.A. 01–0581 DAR.**

United States District Court, District of Columbia.

Sept. 29, 2003.

---

7. An Order consistent with the Court's ruling accompanies this Memorandum Opinion.

Elijah Barrett Prettyman, Jr., Hogan & Hartson, L.L.P., Washington, DC, Mark Spencer Saudek, Hogan & Hartson, L.L.P., Baltimore, MD, Alan Lescht, Alan, Lescht & Associates, Washington, DC, for Plaintiff.

Charlotte Anne Bradley, Lisa Sheri Goldfluss, Rolando N. Valdez, Gail A. Perry, U.S. Attorney's Office, Washington, DC, for Defendant.

## MEMORANDUM OPINION AND ORDER

DEBORAH ANN ROBINSON, United States Magistrate Judge.

Plaintiff brings this action against her former employer, Defendant Anthony Principi, Secretary of the Department of Veterans Affairs, for alleged violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 633a, and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* In Count One of her Complaint, Plaintiff alleges that the Defendant treated her "in a disparate manner and terminat[ed] Plaintiff because of her age[.]" Complaint ¶ 13. In Count Two, Plaintiff alleges that Defendant retaliated against her in violation of Title VII. *Id.* ¶ 16. Pending for determination by the undersigned United States Magistrate Judge is Defendant's Motion for Summary Judgment (Docket No. 36). Upon consideration of the *motion, the* memoranda in support thereof and in opposition thereto and the entire record herein, Defendant's motion will be granted in part and denied in part.

## I. BACKGROUND

Plaintiff, a female born on July 13, 1951, was employed by Defendant as a full-time Medical Clerk, GS–5, in the Nursing Services Division of the Veterans Affairs Medical Center ("VAMC"). Plaintiff Mary E. Hayes' Statement of Genuine Issues and Response to Defendant's Statement of Material Facts Not in Dispute ("Plaintiff's Statement") at 2. When Plaintiff's employment began on April 12, 1998, Delilah White, her supervisor, informed Plaintiff that she would be subject to a one-year probationary period.[1] *Id.* at 2–4.

On March 19, 1999, Ms. White summoned Plaintiff to her office and served her with a Notice of Termination, effective April 2, 1999. *Id.* at 6. Ms. White informed Plaintiff that she would be placed on leave effective immediately, to end on April 2, 1999, and then directed that Plaintiff be escorted from the building by police officers. *Id.*

Plaintiff filed the instant civil action in this court on March 21, 2001, and alleges in Count One that the Defendant "treated Plaintiff in a disparate manner and terminating [sic] Plaintiff's employment because of her age" in violation of the ADEA. Complaint ¶ 13. Plaintiff, in Count Two, asserts that Defendant violated Title VII "by retaliating against Plaintiff for having opposed what she in good faith believed to

---

1. Because Plaintiff concedes that Ms. White informed her that she would be subjected to a one-year probation period, the undersigned finds that any distinction between the title given to employees in the Excepted Service, *i.e.*, trial employees, and those in the Competitive Service, *i.e.*, probationary employees, is irrelevant to the Court's consideration of the pending motion. Plaintiff's Statement at 2.

have been unlawful discriminatory harassment ... on the basis of her gender and/age [sic]." *Id.* ¶ 16.

Defendant moves for summary judgment with respect to both claims.[2] Defendant's Motion for Summary Judgment at 1. Defendant contends that Plaintiff has not established a prima facie case of age discrimination as she "has failed to show her age was a determining factor in her termination." Memorandum of Points and Authorities in Support of Defendant's Motion for Summary Judgment ("Defendant's Memorandum") at 7. Defendant further submits that "Plaintiff has failed to show that any other intermittent employees outside her protected class were treated differently than she was treated." *Id.* With respect to Plaintiff's retaliation claim, Defendant similarly contends that Plaintiff failed to make a prima facie showing, as "Plaintiff never raised any Title VII issues of discrimination at any time with the union or with the RMO [Responsible Management Official]" and, accordingly "did not participate in any prior protected activity." *Id.* at 7.

In the alternative, Defendant submits that even if Plaintiff were to succeed in making a prima facie showing of age discrimination, Defendant would still be entitled to summary judgment, as it can show a legitimate non-discriminatory reason for Plaintiff's termination. *Id.* at 9. Defendant contends that "Plaintiff exhibited questionable coping mechanisms with respect to the VA patients and the nursing staff"; that she "consistently exhibited unprofessional behavior"; that she "was discharged for several conflicts with patients and staff"; and that "[i]n effect, Plaintiff was not a team player and did not work well within the division." *Id.* at 10. Lastly, Defendant submits that Plaintiff cannot show "persuasive evidence from which a fact finder could find that the Agency's decisions to terminated Plaintiff were based on any unlawful motivations" since "Plaintiff can not show any genuine dispute of material fact as to the truth of the Agency's proffered reasons for the Agency's actions." *Id.* at 11–12.

Plaintiff, in her opposition, submits that she has established a prima facie case of age discrimination. Plaintiff contends that Defendant attempted to avoid identifying by name an employee referred to by Defendant as "M.,"[3] and the "VA's failure to identify [M.] ... compels the conclusion that [M.] was similarly situated to Hayes; [M.] engaged in more egregious misconduct than Hayes; and the VA treated [M.] favorably in comparison to Hayes." Plaintiff's Opposition at 29. Plaintiff submits that Defendant "favored [M.] by terminating her for a neutral reason" while "terminating Hayes with allegations about 'frequent conflicts with staff and patients,' describing at length Hayes' purported performance deficiencies, and even attacking her 'general character traits.' " *Id.* Plaintiff also points to Defendant's treatment of Sharon Doughty, who Plaintiff contends is a thirty-five year old nurse against whom Defendant took no adverse personnel action. *Id.* at 30.

---

2. Defendant, in its motion, argues that Plaintiff has failed to make a prima facie showing of gender discrimination, *see* Defendant's Memorandum at 5, but because Plaintiff states that she "makes no claim of gender discrimination," *see* Opposition of Plaintiff Mary E. Hayes to Motion for Summary Judgment of Defendant Anthony Principi ("Plaintiff's Opposition") at 26, the undersigned finds that Plaintiff has withdrawn any claim of discrimination based on gender that she may have been alleged in her Complaint.

3. *See* Defendant's Reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment ("Defendant's Reply") at 1.

Plaintiff further contends that Defendant's legitimate nondiscriminatory reasons for terminating Plaintiff are false. *Id.* at 31. In support of her assertion, Plaintiff claims that her

recommendation for promotion, dated less than four months before her termination, rated her as 'Outstanding' in the very category for which the VA now claims it fired her. Moreover, less than a month before her termination, Hayes received an award for outstanding customer service. Of the six specific acts alleged by the VA to have formed the basis of its decision to fire Hayes, two alleged staff conflicts were deemed immaterial at the time; one patient complaint was fabricated; and another coworker complaint is not credible.

*Id.* at 35–36.

With respect to her retaliation claim, Plaintiff contends that she did in fact engage in a protected activity when she met with Ms. White even though she did not specifically state that she objected to the alleged "discrimination," and that Defendant "points to no authority that requires Hayes to use the catchword 'discrimination' when she states her opposition [to alleged discriminatory acts in the workplace.]" *Id.* at 37. Plaintiff further submits that the temporal proximity between the meeting and her termination is "sufficient to establish the causation element." *Id.* at 38. Lastly, with respect to her ability to demonstrate pretext, Plaintiff asserts that Defendant's "own documents and sworn witness testimony demonstrate that its proffered reasons for firing Hayes are littered with non-truths and false accusations." *Id.* at 40.

Plaintiff, in her supplemental opposition, contends that Hayes and "M." were "similarly situated in all material respects: both worked as Medical Clerks in the Red Clinic; both were supervised by Dee White; both were subject to the same performance standards; and both had a Performance Appraisals prepared by White in April 1999, after their respective terminations." Supplement to Opposition of Plaintiff Mary E. Hayes to Motion for Summary Judgment of Defendant Anthony Principi ("Plaintiff's Supplement") at 2.

Defendant, in its reply, contends that Plaintiff has failed to establish a prima facie showing of age discrimination, as she cannot point to a similarly situated younger employee. Specifically, Defendant maintains, with respect to Sharon Doughty, that Doughty "can be instantly excluded" as she "is a licensed practical nurse in a permanent position who has been employed at the VA for approximately 20 years." Defendant's Reply at 3. Defendant asserts that Plaintiff's argument that she was treated more harshly than "M." is "of no consequence in light of the undisputed fact that M.'s employment was also terminated," and that "[i]f anything, Plaintiff was treated more favorably than M." *Id.* at 4 (citation omitted). Defendant further submits that "[e]ven if the Court were to accept that Plaintiff was treated more harshly than M. in the manner in which she was fired, there is no evidence that Supervisor Dee White treated Plaintiff more harshly than M. because of their respective ages." *Id.* With respect to Plaintiff's retaliation claim, Defendant contends that Plaintiff did not engage in a statutorily protected activity, since "at no time prior to her termination did she complain of discrimination or even attribute her difficulties in the workplace to discrimination." *Id.* at 6 (citations omitted).

Lastly, Defendant contends that Plaintiff failed both to "present objective evidence that undermines the defendant's proffered explanation for its actions and/or [provide] independent evidence of discrimi-

natory/retaliatory statements or attitudes on the part of the employer." *Id.* at 9.

## II. STANDARD OF REVIEW

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Diamond v. Atwood*, 43 F.3d 1538, 1540 (D.C.Cir.1995). The nonmoving party cannot merely rest upon the allegations included in the complaint, and instead, must identify the specific facts which demonstrate that there is a genuine issue for trial. *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505. The burden is upon the nonmoving party to demonstrate that there are material facts in dispute. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). There is a genuine issue of material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505. Material facts are in dispute if they are capable of affecting the outcome of the suit under governing law. *Id.* In considering a motion for summary judgment, all evidence and inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962). The "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [her] favor." *Anderson*, 477 U.S. at 255, 106 S.Ct. 2505; *Bayer v. United States Dept. of Treasury*, 956 F.2d 330, 333 (D.C.Cir.1992).

This circuit has held that because proof of discrimination may be difficult for a plaintiff to establish, "the court should view summary judgment motions in such cases with special caution." *Childers v. Slater*, 44 F.Supp.2d 8, 15 (D.D.C.1999) (citing *Aka v. Washington Hosp. Ctr.*, 116 F.3d 876, 879 (D.C.Cir.1997)); *see also Johnson v. Digital Equip. Corp.*, 836 F.Supp. 14, 18 (D.D.C.1993). Nevertheless, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586, 106 S.Ct. 1348. Rather, she must come forward with "specific facts showing that there is a genuine issue for trial." *Id.* at 587, 106 S.Ct. 1348; FED. R. CIV. P. 56(e).

Moreover, Rule 56(e) of the Federal Rules of Civil Procedure provides, in relevant part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

FED. R. CIV. P. 56(e). The nonmoving party must therefore

> go beyond the pleadings and by her own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," *designate "specific facts showing that there is a genuine issue for trial"* ... Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves, and it is

from this list that one would normally expect the nonmoving party to make the showing[.]

*Celotex,* 477 U.S. at 324, 106 S.Ct. 2548 (emphasis added).

## III. PLAINTIFF'S AGE DISCRIMINATION CLAIM

■ To establish a prima facie case of discriminatory discharge, a plaintiff must establish (1) membership in a protected class; (2) performance at or near the employer's legitimate expectations; (3) termination; and (4) replacement by a younger person.[4] *Paquin v. Federal Nat. Mortgage Ass'n,* 119 F.3d 23, 26 (D.C.Cir.1997); *Coburn v. Pan American World Airways, Inc.,* 711 F.2d 339, 342 (D.C.Cir.1983); *Stith v. Chadbourne & Parke, LLP.,* 160 F.Supp.2d 1, 11 (D.D.C.2001). Once the plaintiff has made this prima facie showing, the burden of production shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the termination.[5] *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 142, 120 S.Ct.

2097, 147 L.Ed.2d 105 (2000). "At that point, to survive summary judgment the plaintiff must show that a reasonable jury could conclude that she was terminated for a discriminatory reason." *Waterhouse v. District of Columbia,* 298 F.3d 989, 993 (D.C.Cir.2002) (citation omitted). "Proof that the defendant's explanation is unworthy of credence is simply one form of circumstantial evidence that is probative of intentional discrimination, and it may be quite persuasive." *Reeves,* 530 U.S. at 147, 120 S.Ct. at 2108. However, the case law is clear that "the ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Texas Dept. of Cmty. Affairs v. Burdine,* 450 U.S. 248, 253, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).

The undersigned finds that Plaintiff has offered sufficient evidence of age discrimination to survive summary judgment. Defendant contends that Plaintiff cannot establish the fourth prong of the prima facie showing. Defendant's Memorandum at 7. Plaintiff addresses Defendant's argument

---

**4.** Both Plaintiff and Defendant, citing this circuit's holding in *May v. Shuttle, Inc.,* 129 F.3d 165, 172 (D.C.Cir.1997), argue that the fourth prong in a discriminatory termination case is a showing that a plaintiff was "disadvantaged in favor of a younger person." Plaintiff's Opposition at 27; Defendant's Memorandum at 6. However, the plaintiffs in *Mays* alleged discrimination in their altered conditions of employment and their furloughs, rather than discriminatory termination. *May,* 129 F.3d at 168. In discriminatory discharge cases, the fourth prong of a prima facie showing requires a plaintiff to demonstrate that she was *replaced* by, not simply "disadvantaged in favor" of, a younger person. *O'Connor v. Consolidated Coin Caterers Corp.,* 517 U.S. 308, 313, 116 S.Ct. 1307, 134 L.Ed.2d 433 (1996)(holding that a plaintiff need not show that she was replaced by an individual outside of the protected class since "the fact that a replacement is substantially younger than the plaintiff is a far more reliable indicator of age

discrimination than is the fact that the plaintiff was replaced by someone outside the protected class.").

**5.** In this circuit, claims brought pursuant ADEA are evaluated using the familiar *McDonnell Douglas* framework developed in the Title VII context, although the Supreme Court has not expressly mandated the application of the framework. *See Hall v. Giant Food, Inc.,* 175 F.3d 1074, 1077–78 (D.C.Cir. 1999); *see also Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 142, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000) (stating that the "Court has not squarely addressed whether the *McDonnell Douglas* framework ... also applies to ADEA actions[,]" but that because the parties in that case did "not dispute the issue, we shall assume, arguendo, that the McDonnell Douglas framework" is applicable.).

by pointing to two younger employees: (1) Sharon Doughty, who Plaintiff contends also had performance problems, but against whom Ms. White took no action; and (2) "M.," who Plaintiff contends engaged in misconduct but was discharged more favorably. Plaintiff's Opposition at 29–31.

█ Defendant appears to concede that Plaintiff has established the first three prongs of her prima facie case. Defendant's Memorandum at 7; Defendant's Reply at 3–4. With respect to the fourth prong, Defendant asserts that Ms. Doughty "can be instantly excluded as an employee similarly situated to plaintiff since Doughty is a licensed practical nurse in a permanent position who has been employed at the VA for approximately 20 years." Defendant's Reply at 3. However, the Court cannot evaluate Defendant's assertion, because Defendant did not include as an exhibit the cited segment of Plaintiff's deposition upon which Defendant relies. Further, the undersigned rejects Defendant's contention that Plaintiff's "brief coverage" of Ms. Doughty is a concession that Ms. Doughty is not similarly situated to Plaintiff, given that at this juncture all inferences are to be drawn in Plaintiff's favor. *Anderson,* 477 U.S. at 255, 106 S.Ct. 2505.

Defendant asserts, with respect to Plaintiff's arguments regarding "M.," that summary judgment is appropriate "in light of the undisputed fact that M.'s employment was also terminated." Defendant's Reply at 4. The undersigned finds that the mere fact that "M.," a similarly situated younger person, was terminated is not dispositive of whether or not *Plaintiff* was discriminated against because of her age. However, because "M.'s" "temporary status ended December 4, 1998[,]" Plaintiff cannot establish the fourth prong, that is, that "M." was a younger person who replaced

her, since Plaintiff was terminated on April 2, 1999. Plaintiff's Supplement, "M.'s" Performance Appraisal (Exhibit 2); Plaintiff's Supplement, Ms. Hayes' Performance Appraisal (Exhibit 3).

█ Furthermore, the undersigned finds that Plaintiff has asserted a cognizable disparate treatment claim based solely on her termination for misconduct, as distinguished from "M.'s" termination for "neutral reasons[.]" Plaintiff, in her Complaint, asserts that "Defendant violated the Age Discrimination in Employment Act by treated [sic] Plaintiff *in a disparate manner and* terminating Plaintiff's employment because of her age." Complaint ¶ 13 (emphasis supplied). To establish a prima facie case of age discrimination based on differential treatment, a plaintiff must show that (1) she is a member of a protected class; (2) she suffered an adverse employment action; and (3) the unfavorable action gives rise to an inference of discrimination. *Stella v. Mineta,* 284 F.3d 135, 145 (D.C.Cir.2002); *Teneyck v. Omni Shoreham Hotel,* 224 F.Supp.2d 43, 45 (D.D.C.2002). In the instant case, Defendant concedes that Plaintiff is a member of a protected class. Defendant's Memorandum at 7. With respect to the second prong, this circuit has held that a plaintiff "does not suffer an actionable injury unless there are some other materially adverse consequences affecting the terms, conditions, or privileges of her employment or her future employment opportunities such that a reasonable trier of fact could conclude that the plaintiff has suffered objectively tangible harm." *Brown v. Brody,* 199 F.3d 446, 457 (D.C.Cir.1999). Plaintiff has offered evidence that she is a member of a protected class; that she was otherwise qualified for her position; that she was treated differently than a younger employee in her

post-termination appraisal;[6] and that the grounds for her termination have affecting her future employment opportunities.[7] Furthermore, the undersigned finds that the unfavorable action gives rise to an inference of discrimination as "M." was terminated for engaging in "one big incident" that was characterized by her supervisor as "severe," yet "M.'s" post-termination performance appraisal does not reflect any misconduct, while Plaintiff's post-termination performance appraisal does. Plaintiff's Supplement, Deposition of Delilah White (Exhibit 4) at 361–62; "M.'s" Performance Appraisal (Exhibit 2); Ms. Hayes' Performance Appraisal (Exhibit 3). Accordingly, the undersigned finds that there are genuine issues of material fact with respect to whether Defendant treated Plaintiff differently on account of her age.

Cognizant of the Supreme Court's holding that once the defendant "has done everything that would be required of him if the plaintiff had properly made out a prima facie case, whether the plaintiff really did so is no longer relevant[,]" as the "[t]he district court has before it all evidence it needs to decide whether 'the defendant intentionally discriminated against the plaintiff[,]' " the undersigned will next consider whether Defendant has shown a legitimate, non-discriminatory reason for the challenged action. *U.S. Postal Service*

*Bd. of Governors v. Aikens*, 460 U.S. 711, 715, 103 S.Ct. 1478, 75 L.Ed.2d 403 (1983) (quoting *Furnco Construction Corp. v. Waters*, 438 U.S. 567, 577, 98 S.Ct. 2943, 57 L.Ed.2d 957 (1978)). Defendant avers that its legitimate, nondiscriminatory reason for Plaintiff's termination was that "Plaintiff was not a team player"; that she "did not work well within the division"; that "she had several conflicts with patients and staff"; and that Plaintiff "consistently exhibited unprofessional behavior." Defendant's Memorandum at 10. In support of its contention, Defendant offers the transcript of the deposition of Ms. White, who testified regarding various conflicts between Plaintiff and other members of the staff, as well as patients;[8] a memorandum prepared by Plaintiff's supervisor outlining two documented patient complaints and four co-worker conflicts involving Plaintiff;[9] and various reports of contact for incidents involving Plaintiff.[10] The undersigned finds that Defendant has met its burden of producing evidence of a legitimate nondiscriminatory reason for Plaintiff's termination.

■ Accordingly, the burden shifts back to Plaintiff to articulate sufficient evidence for a finder of fact to conclude that Defendant's proffered reasons were a pretext for discrimination. *Aka v. Washington Hosp. Center*, 156 F.3d 1284, 1288

---

6. *Compare* Plaintiff's Supplement, "M.'s" Performance Appraisal (Exhibit 2); Plaintiff's Supplement, Ms. Hayes' Performance Appraisal (Exhibit 3) ("[d]ue to continuous patient complaints, staff conflicts and unacceptable customer service skills, effective April 2, 1999 she was discharged from her position as medical clerk.").

7. Plaintiff's Supplement, Affidavit of Mary E. Hayes (Exhibit 7) at 44–45 ("I've had some [prospective employers] pull me to the side, off-line, and tell me what I already knew, that I was qualified for but the only thing that held me back from other competition, really

pushed me down on the ladder of competition was the fact that I have a letter of termination.").

8. Defendant's Memorandum, Affidavit of Dee White (Exhibit A).

9. Defendant's Memorandum, January 28, 1999 Memorandum attached to Request for Review of Employees Probationary or Trial Period (Exhibit B).

10. Defendant's Memorandum, Reports of Contact (Exhibit C).

(D.C.Cir.1998). In this case, Plaintiff offers sworn statements of two VA staff members who testified to Plaintiff's professionalism. *See* Plaintiff's Opposition, Transcript of Keith Baron Pierce Deposition ("Pierce Deposition") (Exhibit 5) at 182–183; *see also* Plaintiff's Opposition, Affidavit of Linda Rivelli Deposition (Exhibit 6) at 7. Plaintiff also offers evidence that she was recommended for a promotion, given high ratings in a performance appraisal and received a customer service award for outstanding customer service to patients and co-workers, just months before her termination. *Id.*, Supervisory Appraisal of Employee for Promotion (Exhibit 7); Pierce Deposition at 165–67. Plaintiff has also offered evidence that she was not the employee involved in one of the incidents cited in her termination letter. *Id.*, Deposition of Dee White (Exhibit 4) at 287–88; Affidavit of Mary Beasley (Exhibit 9) at 5–8. Under these circumstances, the undersigned finds that a reasonable jury could find that Defendant's proffered reasons for Plaintiff's termination were a pretext for discrimination. Accordingly, Defendant's Motion for Summary Judgment with respect to Plaintiff's age discrimination claim will be denied.

## IV. PLAINTIFF'S RETALIATION CLAIM

▪ To state a prima facie case of retaliation under Title VII, a plaintiff must establish that (1) she engaged in a statutorily protected activity; (2) the employer took an adverse personnel action; and (3) a casual connection existed between the two. *Forkkio v. Powell*, 306 F.3d 1127, 1131 (D.C.Cir.2002); *Brown*, 199 F.3d at 452. Here, Defendant urges the Court to grant summary judgment in its favor with respect to Plaintiff's retaliation claim asserting that Plaintiff did not engage in a statutorily protected activity. Defendant's

Memorandum at 9. The undersigned agrees.

42 U.S.C. § 2000e–3 provides, in pertinent part, that "[i]t shall be an unlawful employment practice for an employer to discriminate against any of its employees... because he has opposed any practice made an unlawful employment practice by this subchapter[.]" It is undisputed that Plaintiff filed her first EEO complaint on June 18, 1999, over three months after her employment was terminated. Defendant's Memorandum, Affidavit of Mary Hayes (Exhibit F) at 10. However, Plaintiff contends that she engaged in a statutorily protected activity when she "alleged sufficient facts in her meeting with White—specifically, White's failure to ensure that Hayes was treated equally to others in the workplace and to ensure that Hayes was not the victim of harassment by co-workers." Plaintiff's Opposition at 38. However, there is no evidence in the record that Plaintiff ever spoke to Ms. White regarding what she believed to be discriminatory employment practices based on her "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2. It is undisputed that Plaintiff met with Ms. White to make her aware of the "nasty" and "hostile manner" in which she perceived that two of her co-workers were treating her. *Id.* at 5. Dissatisfied with way in which the situation was handled, Plaintiff next spoke with someone in the "union" because she "felt that it was necessary for someone outside of Nursing Services to intervene because it was obvious to [her] that Dee White had continuously shown a lack of managerial skills." *Id.* Plaintiff also testified under oath that she "felt that [Ms. White] needed some assistance in that area to resolve these issues because the atmosphere was really hostile to me." *Id.*

However, there is no evidence before the Court that Plaintiff indicated to Ms. White that she attributed the hostility to employment practices made unlawful by Title VII. Accordingly, the undersigned finds that Defendant is entitled to summary judgment with respect to Plaintiff's retaliation claim because Plaintiff has failed to demonstrate that she engaged in a statutorily protected activity.

## V. CONCLUSION

For the foregoing reasons, it is, this _____ day of September, 2003,

**ORDERED** that Defendant's Motion for Summary Judgment (Docket No. 36) is **GRANTED** in part, and **DENIED** in part; and it is

**FURTHER ORDERED** that Defendant's Motion for Summary Judgment is **DENIED** with respect to Plaintiff's age discrimination claim (Count One, claim one); and it is

**FURTHER ORDERED** that Defendant's Motion for Summary Judgment is **GRANTED** with respect to Plaintiff's discriminatory termination claim (Count One, claim two) and her retaliation claim (Count Two).